ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JUAN PABLO MATURANA SOLIS<br>Apelante<br><br>v.<br><br>CLARO PUERTO RICO, INC.<br>Apelado | KLAN202301151 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2021CV02390<br><br>Sobre: Despido injustificado (Ley Núm. 80) y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Comparece ante nos Juan Pablo Maturana Solis (Sr. Maturana Solis o apelante) y solicita que revoquemos la *Sentencia*[1] del Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario), emitida y notificada el 12 y 14 de diciembre de 2023, respectivamente. En su dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria*[2] que instó Puerto Rico Telephone Company Inc. h/n/c Claro (Claro) y desestimó con perjuicio la totalidad de las reclamaciones que instó en su contra el Sr. Maturana Solis.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado. Veamos.

### I.

El 23 de junio de 2021, el Sr. Maturana Solis instó la *Querella*[3] de epígrafe en contra de Claro sobre despido injustificado, represalias y discrimen por razón de raza y origen nacional. Arguyó

---

[1] Apéndice, págs. 1-55.
[2] Apéndice, págs. 87-147.
[3] Apéndice, págs. 56-60.

Número Identificador

SEN2024_____

que fue objeto de represalias producto de una querella interna sobre discrimen y hostigamiento presentada previamente en el año 2019 ante la División de Asuntos Laborales y Administración de Recursos Humanos. El Sr. Maturana Solis reclamó los daños derivados de la represalia valorados en $150,000.00. Además, reclamó $21,249.99 por concepto de mesada y solicitó ser restituido en su empleo bajo las mismas condiciones existentes previo a su despido. Por último, imploró el pago de las costas, gastos, intereses y honorarios de abogado.

En respuesta, Claro acreditó su alegación responsiva.[4] En ella, negó la mayoría de las alegaciones en su contra. En particular, negó haber discriminado en contra del Sr. Maturana Solis y expuso que el despido se debió a su negligencia en el desempeño de sus deberes. Lo antes, por incurrir en un patrón de conducta impropia o desordenada, en violación a las normas de la empresa y en detrimento del buen y normal funcionamiento de la empresa. Añadió que, el Sr. Maturana Solis mintió y faltó el respeto a empleados y clientes de Claro. Además, atribuyó el despido a la insubordinación del Sr. Maturana Solis, quien obtuvo varias evaluaciones bajo promedio. Argumentó que, los daños y perjuicios reclamados requieren de un descubrimiento de prueba incompatible con un procedimiento sumario bajo la Ley Núm. 2 de 17 de octubre de 1961 (Ley Núm. 2), 32 LPRA secs. 3118 *et seq.*

Finalizado el descubrimiento de prueba, Claro presentó un petitorio sumario, en el cual, propuso 184 hechos materiales sobre los cuales presuntamente no existe controversia.[5] A los efectos de

---

[4] Apéndice, págs. 61-74.

[5] Apéndice, págs. 87-147. Junto a su solicitud, Claro incluyó los siguientes documentos: Exhibit 1-Deposición dirigida a Juan Pablo Maturana Solís del 5 de octubre de 2021. A la deposición anejaron los siguientes documentos: Exhibit 1-Certificación de antecedentes penales; Exhibit 2-Resumé de Juan Maturna Solis; Exhibit 3-Carta de Alvacom del 14 de octubre de 2016; Exhibit 4-Solicitud de empleo; Exhibit 5-Carta de bienvenida del 19 de diciembre de 2016; Exhibit 6-Información personal del empleado; Exhibit 7-Carta términos oferta de empleo del 29 de noviembre de 2016; Exhibit 8-Autorización, consentimiento y relevo; Exhibit 9-Autorización prueba de dopaje; Exhibit 10-Non-compete and nondisclosure agreement; Exhibit 11-Declaración de no conflicto; Exhibit 12-Políticas,

demostrar que el despido del Sr. Maturana Solis estuvo justificado, Claro detalló las conductas desordenadas y constitutivas de violaciones al Reglamento de Disciplina, a saber: incidentes con clientes, acercamientos inapropiados hacia empleadas, incumplimientos con su obligación de abrir las puertas de Claro a la hora programada; entre otras.

Con respecto a la causa de acción por represalias, Claro expuso que el Sr. Maturana Solis no pudo establecer *prima facie* su reclamación. Primeramente, debido a que no existe contemporaneidad entre la actividad protegida y la acción adversa que sufrió. En segundo lugar, al fallar en demostrar que existe un nexo causal entre la conducta protegida y la acción disciplinaria que impugna.

En cuanto al presunto discrimen, Claro alegó que el Sr. Maturana Solis no cumplió con dos de los cuatro requisitos que dispone la Ley Núm. 4-2017, Ley de Transformación y Flexibilidad

---

procedimientos y prácticas; Exhibit 13-Acuse de recibo PC-045; Exhibit 14-Acuse de recibo PC-046; Exhibit 15-Acuse de recibo PC-047; Exhibit 16-Acuse de recibo PC-049; Exhibit 17-Listado de documentos entregados; Exhibit 18-Acuse de recibo Guía de la Seguridad; Exhibit 19-Acuse de recibo NSA; Exhibit 20-Certificación Ley 90; Exhibit 21-Acuse de recibo PC-013-A; Exhibit 22-Acuse de Recibo Acuerdo del Puesto; Exhibit 23-Convenio de Adhesión del 19 de diciembre de 2016; Exhibit 24-Acuse de recibo Normas de Conducta; Exhibit 25-Normas Generales de Conducta; Exhibit 26-Acuse recibo Reglamento de Disciplina; Exhibit 27-Reglamento de Disciplina del 1 abril de 2006; Exhibit 28-Acuse de recibo del Reglamento de Disciplina; Exhibit 29-Reglamento de Disciplina del 1 de octubre de 2019; Exhibit 30-Acuse de recibo del Código de Conducta Empresarial; Exhibit 31-Código de Conducta Empresarial; Exhibit 32-Acuse de recibo Práctica RH-025-A; Exhibit 33-Práctica RH-025-A del 13 de enero de 2011; Exhibit 34-Acuse de recibo Práctica RH-025-A; Exhibit 35-Práctica RH-025-A del 23 de agosto de 2018; Exhibit 36-Acuse de recibo RH-947; Exhibit 37-Acuse de recibo GE-030-A; Exhibit 38-Certificación de No Competetividad; Exhibit 39-Circular instrucciones a todo personal; Exhibit 40-Práctica P-CL-090-A del 15 de agosto de 2012; Exhibit 41-Violación al Reglamento Disciplina; Exhibit 42-Exhortación, Faltas 20 y 25 del 19 de marzo de 2018; Exhibit 43-Exhortación, Faltas 20 y 28 del 19 de abril de 2018; Exhibit 44-Minuta del 25 de abril de 2019; Exhibit 45-Correo electrónico de Ninoshka Vélez; Exhibit 46-Suspensión del 24 de junio de 2019; Exhibit 47-Minuta del 29 de julio de 2019; Exhibit 48-Correos electrónicos del 31 de julio de 2019; Exhibit 49-Suspensión del 5 de agosto de 2019; Exhibit 50-Carta de despido del 17 de junio de 2021; Exhibit 51-Correo electrónico del 23 de julio de 2019; Exhibit 52-Queja de discrimen y hostigamiento; Exhibit 53-Relato de Juan Maturana; Exhibit 54-Informe de querella de discrimen; Exhibit 55-Carta de Fredy Martínez del 20 de enero de 2020; Exhibit 56-Email de Jemssy Méndez del 2 de agosto de 2019; Exhibit 57-Certificación; y Exhibit 58-Practica RH-610-a del 15 de enero de 2018. Exhibit 2-Declaración jurada suscrita por Leishla Rivera Quiñones. Exhibit 3-Declaración jurada suscrita por Manuel Vázquez Vázquez. Exhibit 4-Declaración jurada suscrita por Aisha O. Matos Sánchez. Exhibit 5-Declaración jurada suscrita por Vivian Ramos Ramos; Exhibit 6-Contestación a interrogatorios y Producción de documentos suscrita por la parte demandada.

Laboral, 29 LPRA secs. 122 *et seq,* a saber: demostrar que está cualificado para su puesto y que otra persona de otro grupo protegido resultó beneficiada. Por todo lo anterior, solicitó la desestimación de la demanda instada en su contra.

En reacción, el 31 de enero de 2022, el foro primario emitió una *Orden* mediante la cual dejó sin efecto la Vista de Conferencia con Antelación al Juicio y concedió treinta días al apelante para replicar el petitorio sumario. Previo al vencimiento del referido término, el 2 de marzo de 2022, el apelante solicitó una prórroga de veinte días para instar su oposición. El TPI accedió a lo solicitado, extendiendo así el término para oponerse hasta el 23 de marzo de 2022. Expirado el plazo concedido sin que el Sr. Maturana Solis presentara su oposición, Claro solicitó al foro primario que dé por sometida su *Solicitud de Sentencia Sumaria* sin oposición.

Así las cosas, el 25 de abril de 2022, el Sr. Maturana Solis instó su *Oposición a Solicitud de Sentencia Sumaria*[6] en donde se excusó por haber instado tardíamente su oposición al petitorio sumario. Expuso que, la demora es atribuible a los presuntos problemas técnicos que el abogado suscribiente tuvo en su oficina, a consecuencia de las constantes interrupciones con el servicio eléctrico. Añadió que, lo anterior afectó sus computadoras y cuadros telefónicos durante semanas y distorsionó la oportuna preparación de los escritos y servicios de sus clientes.

En respuesta, y bajo el fundamento de que el Sr. Maturana Solis no justificó adecuadamente su incumplimiento con el término concedido para presentar su oposición, Claro solicitó que se elimine del récord el referido escrito, que se dé por sometido sin oposición el petitorio sumario y que desestime sumariamente la causa de epígrafe.[7]

---

[6] Apéndice, págs. 154-173.
[7] Apéndice, págs. 174-178.

En su *Réplica*,[8] el Sr. Maturana Solis expuso haber justificado la dilación en la presentación de la oposición. Invocó la Regla 68.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, a los fines de que el TPI acepte su escrito en consideración a la justa causa esbozada.

Evaluado lo anterior, el foro primario notificó una *Resolución,* el 29 de abril de 2022, mediante la cual dio por sometida la solicitud de sentencia sumaria sin oposición. Al cabo de un año y ocho meses, el 14 de diciembre de 2023, el foro primario notificó la *Sentencia* impugnada en la cual declaró Ha Lugar el petitorio sumario, por entender que no existen hechos esenciales en controversia. Resolvió que Claro demostró inequívocamente que el despido del apelante estuvo justificado debido a su actitud, conducta y pobre desempeño, a lo largo de su empleo, en severo detrimento del buen y normal funcionamiento de la empresa.[9] Añadió que, el Sr. Maturana Solis no estableció *prima facie* su reclamación de represalias debido a que no demostró que las razones que dio Claro para justificar el despido fueron un mero pretexto. Sobre el presunto discrimen, el TPI dictaminó que, no existe prueba de actos discriminatorios en contra del Sr. Maturana Solis. Cónsono con lo anterior, desestimó con perjuicio todas las reclamaciones objeto de la querella de epígrafe.

Inconforme, el Sr. Maturana Solis insta el recurso de apelación de epígrafe en el cual señala lo siguiente:

> [e]l TPI abusó de su discreción y erró como cuestión de Derecho al emitir sentencia sumaria un año y ocho meses después de haber dado por sometida la misma sin el beneficio de la correspondiente oposición de la parte querellante habiendo mediado causa justificada para ello acorde con [la] R. 68.2 de las de Procedimiento Civil y cuando de otra parte inclusive concedió a la querellada Claro dos meses y diez días adicionales al término concedido por la R. 36 de las de Procedimiento Civil para someter su solicitud de sentencia sumaria.

---

[8] Apéndice, págs. 179-180.
[9] Apéndice, pág. 40.

En reacción, el 9 de enero de 2024, Claro instó su *Alegato en Oposición a Apelación*. Con el beneficio de las posturas de ambas partes, procedemos a resolver.

**II.**

**A. Sentencia Sumaria**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe controversia real y sustancial de un hecho material que requiera ventilarse en un juicio plenario, por lo cual solo resta aplicar el derecho. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company,* 2023 TSPR 120, resuelto el 3 de octubre de 2023; *Oriental Bank v. Caballero García,* 2023 TSPR 103, resuelto el 23 de agosto de 2023. Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Serrano Picón v. Multinational Life Insurance Company,* 2023 TSPR 118, resuelto el 29 de septiembre de 2023.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y

pertinente, y siempre que el derecho aplicable así lo justifique. *González Meléndez v. Municipio Autónomo de San Juan y otros,* 2023 TSPR 95, resuelto el 24 de julio de 2023.

De manera que, en aras de prevalecer, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022). Por ello, y en lo pertinente al caso ante nos, una parte demandada puede solicitar sentencia sumaria ante la insuficiencia de prueba sobre todos los elementos indispensable de su causa de acción. *Íd.* El promovente de la referida solicitud debe demostrar que: 1) la vista es innecesaria; 2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial, y 3) como cuestión de derecho procede la desestimación de la reclamación. *Ramos Pérez v. Univisión* 178 DPR 200, 217-218 (2010); *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716 (1994). Para ello, es indispensable que se le haya brindado al promovido amplia oportunidad para realizar un descubrimiento de prueba adecuado. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el

derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* supra. Véase, además, la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Nótese que, si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015). Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra.

Cabe destacar que, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra, pág. 43. Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.* A esos efectos, deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la

antes citada Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Cabe puntualizar que, a tenor de la normativa aplicable, si la parte promovida opta por no oponerse al petitorio sumario, conforme a las Reglas de Procedimiento Civil, *supra,* se arriesga a que el TPI dicte sentencia en su contra, **si procede en derecho**. Véase, Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra. Entiéndase que, el mero hecho de que la parte promovida no presente una oposición o, de presentarla, no cumple con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* ello no obliga al juzgador de los hechos a automáticamente disponer del asunto por la vía sumaria. Lo antes está sujeto a la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o

credibilidad. *Segarra Rivera v. Int'l Shipping et al.*, supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre el particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *González Meléndez v. Municipio Autónomo de San Juan y otros,* supra. Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente

están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* 2023 TSPR 80, resuelto el 26 de junio de 2023.

### B. Regla 68.2 de Procedimiento Civil

La Regla 68.2 de las Reglas de Procedimiento Civil, *supra,* faculta al tribunal para, discrecionalmente y acreditada la justa causa, prorrogar o reducir los términos establecidos en las Reglas de Procedimiento Civil. A esos efectos dispone:

> Cuando por estas reglas, por una notificación dada en virtud de sus disposiciones o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) ordenar, previa moción o notificación, o sin ellas, que se prorrogue o acorte el término si así se solicita **antes de expirar el término originalmente prescrito o según prorrogado por orden anterior**, o (2) permitir, en virtud de moción presentada después de haber expirado el plazo especificado, que el acto se realice **si la omisión se debió a justa causa**, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas. (Énfasis nuestro.) Véase, además, *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 263-264 (2021).

### III.

En el recurso ante nos, el apelante solicita que dejemos sin efecto la *Sentencia* que dictó sumariamente el TPI en la cual desestimó con perjuicio todas las causas de acción objeto de la demanda de epígrafe. Lo antes, luego de haber dado por sometido el petitorio sumario sin oposición. Según el apelante, el foro primario abusó de su discreción al no considerar justa causa las razones que ofreció para excusar la dilación en la presentación de la *Oposición a Solicitud de Sentencia Sumaria,* conforme lo autoriza la Regla 68.2 de las Reglas de Procedimiento Civil, *supra.* Además, cuestiona la premura del TPI en dar por sometido el petitorio sumario a pesar de haber concedido a Claro un término mayor al que provee la Regla 36 de Procedimiento Civil, *supra,* para presentar su moción de

sentencia sumaria.[10] Por último, señala que existe una contradicción entre el interés del foro primario de salvaguardar el carácter sumario del caso de marras para luego demorar un año y ocho meses en emitir su sentencia.

En cumplimiento con el deber que nos impone lo resuelto por el Tribunal Supremo en *Meléndez González et al. v. M. Cuebas*, supra, nos corresponde revisar *de novo* la *Solicitud de Sentencia Sumaria* que instó Claro, junto a los anejos que la acompañan. Lo anterior, a los fines de evaluar si el TPI actuó correctamente al adjudicar la causa por la vía sumaria y conforme a Derecho. Veamos.

En su petitorio sumario, Claro detalló las actuaciones que dieron lugar al despido del apelante. Primeramente, el incidente entre el Sr. Maturana Solis y la clienta Vivian Ramos cuando esta última acudió a la tienda de Plaza Centro para devolver un equipo y cambiar un "modem" y el apelante cuestionó su integridad y la trató como "pilla".[11] En segundo lugar, el suceso en el cual el apelante, en tono molesto, llamó la atención a una empleada frente a la clienta Kathy Schmitz por entregarle un turno cercano a la hora de cierre del local, sin consultarle. Tercero, incurrir en acercamientos inapropiados hacia empleadas temporeras. Además, incumplir su obligación de abrir las puertas de Claro a la hora programada, entre otras.

Sobre la causa de acción por represalias, Claro expuso que no existe contemporaneidad entre la actividad protegida (la querella

---

[10] En su recurso, el apelante discute que el TPI proveyó a Claro dos (2) meses y diez (10) días adicionales al término que provee la Regla 36 de Procedimiento Civil, *supra,* para presentar una moción dispositiva, sin obrar de igual manera hacia el Sr. Maturana Solis. Al indagar sobre este asunto clarificamos que, el foro primario, a solicitud de Claro, concedió una prórroga de treinta (30) días para finalizar el descubrimiento de prueba, con el efecto de que también se postergó, por igual término, la fecha límite para presentar la moción de sentencia sumaria. Previo a expirar el plazo para instar el petitorio sumario, Claro solicitó y el foro primario le concedió siete (7) días adicionales. Lo antes es distinguible de lo ocurrido con el apelante en la medida en que Claro solicitó dos prórrogas y cumplió con los términos correspondientes.
[11] Apéndice, pág. 110.

interna instada en 2019) y la acción adversa (el despido en 2021). Añadió que el apelante no demostró que existe un nexo causal entre la actividad protegida y la acción adversa, por lo cual, a su entender no estableció *prima facie* dicha reclamación.

Con relación al presunto discrimen, Claro señaló que el Sr. Maturana Solis no demostró estar cualificado para su puesto, tampoco que resultó beneficiada de su despido una persona que pertenece a otro grupo protegido, elementos esenciales para configurar una causa de acción por discrimen, según la Ley Núm. 4-2017, *supra.*

Puntualizamos que, para oponerse al petitorio sumario, la Regla 36.3(b) de las Reglas de Procedimiento Civil, *supra,* concede al apelante veinte (20) días, contados a partir del 28 de enero de 2022, fecha en que Claro notificó la solicitud de sentencia sumaria. No obstante lo anterior, el 31 de enero de 2022, el TPI concedió al apelante treinta (30) días para instar su oposición. Entiéndase que, el foro primario confirió al apelante un plazo mayor al que proveen las Reglas de Procedimiento Civil para oponerse. Previo a vencer el referido plazo, el Sr. Maturana Solis solicitó una prórroga de veinte (20) días, a lo cual el foro primario accedió, con el efecto de extender el término para el apelante oponerse hasta el 23 de marzo de 2022.

Surge del tracto procesal que, el 24 de marzo de 2022, vencida la prórroga correspondiente, Claro solicitó al foro primario que dé por sometida su *Solicitud de Sentencia Sumaria* sin oposición. Sin embargo, no es hasta el 25 de abril de 2022, es decir, treinta y tres (33) días con posterioridad al vencimiento de la prórroga concedida, que el Sr. Maturana Solis instó su *Oposición.* En ella, el apelante presentó como justa causa lo siguiente:

> [...] durante las pasadas semanas diversos problemas técnicos en nuestras computadoras e inclusive cuadro telefónico a consecuencia de los constantes problemas con el servicio eléctrico, lo cual honestamente dislocó la adecuada y oportuna preparación de nuestros escritos y servicio a nuestros clientes.

Como cuestión de hecho a consecuencia de ello en los pasados días finalmente se hizo en nuestra oficina la conversión a utilización de placas solares, por lo cual el asunto ha sido resuelto.

Cabe reiterar que, la Regla 68.2 de Procedimiento Civil, *supra,* a la cual hace referencia el apelante en su recurso, faculta al tribunal a prorrogar los términos de cumplimiento estricto establecidos en las Reglas de Procedimiento Civil, a su discreción y acreditada la justa causa. Enfatizamos que, lo antes, está supeditado a que la prórroga sea solicitada previo al vencimiento del término aplicable o, después de expirado, si acredita la justa causa. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 171 (2016). El Tribunal Supremo definió la justa causa como "explicaciones concretas y particulares, -debidamente evidenciadas en el escrito-". *Íd*. Allí también nuestro más Alto Foro aclaró que las vaguedades, las excusas superfluas, los planteamientos estereotipados y las justificaciones genéricas desprovistas de los detalles para la dilación no constituyen justa causa.

Ante este cuadro, el 29 de abril de 2022, el foro primario emitió una *Resolución*[12] mediante la cual dio por sometida la moción de sentencia sumaria de Claro sin oposición. En su dictamen, el TPI hizo constar lo siguiente:

> [e]l escrito presentado por la parte demandante se presentó un mes tarde. Aun cuando en las mociones presentadas informó alguna situación de compromiso profesional y en su oficina, entendemos que el tiempo transcurrido es excesivo. Pudiéramos entender con esa justificación la demora de unos pocos días, pero el escrito ha sido presentado tardíamente.
>
> El Tribunal evaluará si procede la moción de sentencia sumaria de la demandada. Se ordena la continuación de los procedimientos.[13]

Conforme a la normativa aplicable, para invocar la prórroga que autoriza la Regla 68.2 de las Reglas de Procedimiento Civil,

---

[12] Apéndice, pág. 181.
[13] Apéndice, pág. 181.

*supra,* el apelante debe acreditar la justa causa para su demora. Según previamente reseñado, el apelante intentó justificar su atraso con las complicaciones de la cual fue objeto la oficina de su representación legal derivadas de las interrupciones del servicio eléctrico. Coincidimos con el foro primario en que, lo antes, no justifica una demora de treinta y tres días en presentar la correspondiente *Oposición* al petitorio sumario. Al incumplir con las formalidades de la Regla 36 de Procedimiento Civil, *supra,* el apelante se arriesgó a que el TPI dictara sentencia sumaria en su contra, si procede en Derecho. Véase, Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra.

Luego de un estudio sosegado de la totalidad del expediente concluimos que, las determinaciones de hechos que propuso Claro en su petitorio están sustentadas por la prueba documental admisible presentada junto a su solicitud. En ausencia de una oportuna oposición que levante controversias sobre hechos medulares y debido a que Claro demostró que no existe controversia sobre hechos esenciales que impida resolver sumariamente este asunto, procede el remedio solicitado.

De nuestro análisis cuidadoso del recurso, con particular atención a los criterios aplicables al revisar determinaciones del foro primario, y en cumplimiento con la Regla 36, *supra,* y su jurisprudencia interpretativa, resolvemos que, la *Sentencia* impugnada procede en Derecho. A tenor de la Regla 36.3 de las Reglas de Procedimiento Civil, *supra,* el TPI está facultado a dar por sometida para la consideración del tribunal una moción de sentencia sumaria para la cual la parte promovida no presentó su contestación.[14] Valga aclarar que, la citada Regla no requiere que,

---

[14] En lo pertinente, la Regla 36.3 de Procedimiento Civil, *supra*, dispone:
[...]Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.

previo a dar por sometido el petitorio sumario, el TPI venga obligado a imponer una sanción o apercibir a la parte contraria de que su inacción puede dar lugar a que se dé por sometido sin el beneficio de su oposición.

Por último, en atención a lo planteado por el apelante, y en virtud de lo resuelto por el Tribunal Supremo en *In re Pagani Padró*, 181 DPR 517, 529 (2011)[15], la demora del TPI de un año y ocho meses en emitir el dictamen impugnado, luego de haber dado por sometido -sin oposición- el petitorio sumario, atenta en contra del deber ineludible de los tribunales de velar porque los procesos se ventilen de forma justa, rápida y económica. Lo antes, más aún, en consideración al carácter sumario de un procedimiento bajo la Ley Núm. 2, *supra*. Sin embargo, lo antes por sí solo, resulta insuficiente para derrotar la eficacia y legitimidad del dictamen apelado. El error señalado no se cometió.

**IV.**

Por los fundamentos discutidos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] Citando a *Heftler Const. Co. v. Tribunal Superior*, 103 DPR 844, 846 (1976) y *Bco. Des Eco. v. AMC Surgery* 157 DPR 150, 157 (2002).