Banco de Desarrollo Económico, demandante y recurrido, *v.* AMC Surgery y otros, demandada y recurrida; Dr. José A. García Lloréns y otro, demandantes contra terceros y peticionarios, *v.* First American Title Insurance Company, demandado contra tercero y recurrido.

*Número:* CC-2001-501          *Resuelto:* 11 de junio de 2002

*Domingo Emanuelli Hernández* y *Manuel Martínez Umpierre*, abogados de la parte peticionaria; *Eric Pérez Ochoa* y *Javier I. Arbona Azizi*, abogados de First American Title Insurance Co., parte recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

I

El 6 de agosto de 1999, el Dr. José A. García Lloréns, su esposa y la sociedad legal de gananciales compuesta por ambos, y el Sr. Sadi Rafael Antommattei (en adelante peticionarios), presentaron una demanda contra tercero contra la First American Title Insurance Company (en adelante First American o demandada). Conjuntamente con la demanda, los peticionarios acompañaron el emplazamiento correspondiente.[1]

Luego de varios trámites procesales, incluyendo una moción de desestimación de la demanda contra tercero presentada por el Banco de Desarrollo Económico, demandante original en el pleito, el tribunal de instancia emitió una resolución el *10 de noviembre de 1999*, en la cual decidió admitir la demanda contra tercero *y ordenó que se expidieran los emplazamientos correspondientes.*

---

[1] Este hecho no ha sido controvertido por la tercera demandada.

El *27 de diciembre de 2000*, la Secretaría del Tribunal de Primera Instancia *expidió* el emplazamiento contra First American. Seis días después, el *2 de enero de 2001*, la parte peticionaria *diligenció* el emplazamiento, el cual fue recibido por First American ese mismo día.

First American presentó una moción de desestimación de la demanda contra tercero. Alegó que el emplazamiento no se diligenció dentro del término de seis (6) meses que dispone la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, según interpretada por este Tribunal en *Monell v. Mun. de Carolina*, 146 D.P.R. 20 (1998). Los peticionarios se opusieron a la desestimación. Alegaron que el mismo día en que presentaron la demanda contra tercero, sometieron también un proyecto de emplazamiento para que la Secretaría del tribunal de instancia lo expidiera a nombre de First American. Señalaron que la tardanza en la expedición del emplazamiento a First American se debió a dos cosas: (1) que como cuestión de hecho, el tribunal de instancia no autorizó la demanda contra tercero hasta el 10 de noviembre de 1999, y (2) que por alguna omisión de la Secretaría del tribunal, y debido al gran cúmulo de trabajo y escasez de recursos económicos, el tribunal se retrasó en la expedición del emplazamiento. En consecuencia, los peticionarios sostuvieron que efectivamente cumplieron con el trámite requerido en la Regla 4.3 de Procedimiento Civil, según interpretada en *Monell v. Mun. de Carolina*, supra, ya que acompañaron con la demanda el proyecto de emplazamiento a First American, y diligenciaron el emplazamiento apenas seis (6) días después que la Secretaría del tribunal de instancia lo expidiera.

El tribunal acogió el planteamiento de los peticionarios y declaró sin lugar la desestimación presentada por First American. Inconforme, ésta acudió mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Este foro revocó la resolución emitida por el tribunal de instancia. Resolvió que se-

gún lo resuelto en *Monell v. Mun. de Carolina*, supra, "los tercero demandantes no gestionaron la expedición de los emplazamientos en más de (1) año en contravención de los seis (6) meses de la Regla 4.3 de Procedimiento Civil. Tampoco solicitaron prórroga para emplazarlo ni explicaron hechos o circunstancias meritorias que le permitiesen al Tribunal de Primera Instancia ejercer su discreción". En consecuencia, el foro apelativo desestimó la demanda contra tercero.

Inconformes con esta determinación, los peticionarios recurrieron ante nos mediante recurso de *certiorari*. Señalaron como único error que el Tribunal de Circuito revocó la determinación del tribunal de instancia sin que se demostrara que ese foro abusó de su discreción al no desestimar la demanda contra tercero y permitir el emplazamiento a First American.

Acordamos revisar y expedimos el recurso solicitado. Ambas partes han comparecido y con el beneficio de sus argumentos resolvemos.

## II

La Regla 4.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que "[p]resentada la demanda, el secretario *expedirá inmediatamente* un emplazamiento y lo entregará al demandante o a su abogado". (Énfasis suplido.) Por su parte, la citada Regla 4.3(b) establece que:

> (b) El emplazamiento *será diligenciado* en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. (Énfasis suplido.)

En *Monell v. Mun. de Carolina*, supra, tuvimos la oportunidad de interpretar la disposición citada. En ese caso,

se trataba de una demanda en daños y perjuicios contra el Municipio de Carolina (Municipio) y su alcalde. El día de la presentación de la demanda se expidió el emplazamiento contra el Municipio, pero no se gestionó la expedición del emplazamiento contra el alcalde. Más de seis (6) meses después, los demandantes enmendaron la demanda original sin modificar ninguna de las alegaciones contra el alcalde, y fue en ese momento que se gestionó la expedición del emplazamiento contra éste. El alcalde solicitó la desestimación de la demanda en su contra por incumplimiento con la citada Regla 4.3(b) de Procedimiento Civil.

De acuerdo con esos hechos, resolvimos que aunque la citada Regla 4.3 le impone al Secretario del tribunal la obligación ministerial de expedir inmediatamente los emplazamientos, para dar cumplimiento a dicha disposición *es preciso que, al momento de presentar la demanda, el demandante o su abogado acompañen los emplazamientos correspondientes para que el Secretario los firme y selle.* Establecimos esta regla en reconocimiento de que en nuestros tribunales la práctica es que son el demandante o su abogado los que preparan y someten al tribunal, conjuntamente con la demanda, los emplazamientos. Nuestros pronunciamientos en *Monell v. Mun. de Carolina*, supra, tuvieron el efecto de imponerle expresamente esta responsabilidad a la parte demandante. Es decir, a partir de *Monell* no cabe interpretar la citada Regla 4.3(b) de Procedimiento Civil en el sentido de que corresponde únicamente al Secretario del tribunal de instancia la responsabilidad de tramitar la expedición del emplazamiento. El demandante no puede presentar una demanda y esperar a que el Secretario prepare y expida los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda. Una vez el Secretario expide el emplazamiento, corresponde al demandante gestionar el diligenciamiento.

■    De acuerdo con estas normas, determinamos en

*Monell v. Mun. de Carolina,* supra, que cuando la citada Regla 4.3(b) de Procedimiento Civil establece que el emplazamiento será diligenciado dentro del término de seis (6) meses de haber sido expedido, la fecha de su expedición se refiere a la fecha de presentación de la demanda, y desde esa fecha es que comienza a contar el término para que la parte demandante diligencie el emplazamiento expedido. Esta norma parte de la premisa de que, como regla general, los emplazamientos se expiden el mismo día en que se radica la demanda, o con pocos días de diferencia.

Sin embargo, es necesario aclarar que el término de seis (6) meses que establece la citada Regla 4.3(b) de Procedimiento Civil que, como regla general, comienza a decursar cuando se presenta la demanda, es el término que tiene la parte demandante para diligenciar el emplazamiento *una vez el Secretario del tribunal lo expide.* Así surge expresamente del texto mismo de la Regla 4.3(b). Es decir, el término de seis (6) meses no se refiere al término que tiene el tribunal de instancia para *expedir* el emplazamiento, sino que es el término que tiene la parte demandante para *diligenciarlo.* Por lo tanto, para que comience a decursar dicho término, es requisito no solamente el que se haya presentado la demanda y sometido el emplazamiento correspondiente, sino, que además, el tribunal expida el emplazamiento.

Con este trasfondo procesal y normativo, analicemos el caso de marras.

### III

En este caso, el 6 de agosto de 1999 los peticionarios presentaron una demanda contra tercero y según alegaron ante el tribunal de instancia, conjuntamente con la demanda presentaron el emplazamiento correspondiente. Esta alegación no ha sido contradicha por la tercera demandada. Luego de varios trámites procesales, aproxi-

madamente tres (3) meses más tarde —el 10 de noviembre de 1999— el tribunal de instancia admitió la demanda contra tercero y ordenó que se expidieran los emplazamientos; la Secretaría del tribunal no cumplió con esta orden hasta poco más de un (1) año después de haberse emitido (el 27 de diciembre de 2000). Sin embargo, una vez expedido el emplazamiento, los peticionarios diligenciaron el mismo prontamente, dentro de los próximos seis (6) días (el 2 de enero de 2001).

De lo reseñado surge con meridiana claridad que, a pesar de la regla general de que la fecha de expedición del emplazamiento equivale a la fecha de presentación de la demanda, y desde esa fecha es que comienza a transcurrir el término para diligenciar el emplazamiento, *la realidad fáctica de este caso es que, aunque los peticionarios sometieron el emplazamiento junto con la demanda contra tercero, el tribunal no admitió dicha demanda hasta aproximadamente tres (3) meses después y fue en ese momento que ordenó a la Secretaría del tribunal de instancia expedir el emplazamiento. Ésta no llevó a cabo lo ordenado hasta que había transcurrido poco más de un (1) año.* Por lo tanto, el término de seis (6) meses que establece la citada Regla 4.3(b) de Procedimiento Civil para diligenciar el emplazamiento no comenzó a decursar contra los peticionarios el día que éstos presentaron la demanda.

Al analizar el expediente, entendemos que la Secretaría del tribunal de instancia no expidió los emplazamientos en una fecha próxima a la fecha de la presentación de la demanda contra tercero porque el Banco de Desarrollo Económico, parte demandante que inició el pleito que nos ocupa, presentó una solicitud de desestimación de la demanda contra tercero el 21 de septiembre de 1999. Resulta razonable concluir que el tribunal de instancia decidió atender esta moción antes de admitir la demanda presentada y ordenar que se expidieran los emplazamientos, lo cual hizo mediante Orden de 10 de noviembre de ese

mismo año. Desde esta fecha transcurrió un plazo de más de un (1) año para la expedición de los emplazamientos por parte de la Secretaría del tribunal.([2])

■ Ahora bien, esto no significa, sin embargo, que la parte que tiene que realizar el emplazamiento, en este caso, los demandantes contra tercero aquí peticionarios, pueda, ante la desidia de la Secretaría del foro de instancia, cruzarse de brazos y dejar que transcurra un término irrazonablemente largo sin que se haya expedido el emplazamiento. Después de todo, le corresponde, tanto al tribunal como a las partes, velar porque se cumpla con el principio cardinal procesal de que los procedimientos en los tribunales deben tramitarse de forma *justa, rápida y económica.* Pasado un tiempo razonable sin que la Secretaría del tribunal hubiese expedido el emplazamiento, la parte debió presentar una moción solicitando su expedición, alertando de esta manera al juez del hecho de que su orden no se había cumplido.([3])

Sin embargo, debido a que esta es la primera vez que específicamente resolvemos que el cumplir estrictamente con los aspectos técnicos de la Regla 4.3(b) de Procedimiento Civil, *supra,* no releva a la parte de velar porque los procedimientos se realicen de forma *justa, rápida y económica,* entendemos que no debemos aplicar la drástica sanción de la desestimación. A tenor con los antes expuesto, la norma que hoy establecemos será de aplicación prospectiva.

---

([2]) Cabe destacar que no surge del expediente que el juez de instancia haya inquirido de alguna forma en el por qué del retraso en el cumplimiento de su orden, como tampoco que se haya seguido trámite procesal alguno en el tribunal con relación a dicho retraso, incluso algún tipo de acción al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Es aconsejable, en casos como el de autos, donde claramente existe una dilación extrema en el cumplimiento con lo dictaminado por el tribunal, que el juez de instancia vele que sus órdenes sean cumplidas con prontitud y diligencia.

([3]) En casos extremos, la parte tendría disponible el recurso de *mandamus* para obligar a la Secretaría del tribunal a cumplir con su deber ministerial de expedir el emplazamiento.

158

Por todos estos fundamentos, *se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.*