Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ F. VALLE MORALES<br><br>Apelante<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS Y OTROS<br><br>Apelada | KLAN202400676 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente)<br><br>Caso Núm.: MZ2023CV01675 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Pérez Ocasio y la Juez Boria Vizcarrondo

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

La parte apelante, el señor José F. Valle Morales, comparece ante nos para que dejemos sin efecto la *Sentencia* emitida el 26 de junio de 2024 y notificada el 27 de junio de 2024 por el Tribunal de Primera Instancia, Sala de Mayagüez. Mediante la misma, el foro primario desestimó, sin perjuicio, una demanda sobre *injunction*, interdicto preliminar y permanente, daños y perjuicios contractuales y extracontractuales y violación de derechos constitucionales, incoada por la parte apelante en contra de la Autoridad de Acueductos y Alcantarillados (AAA) y ORANF, la parte apelada.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

El 25 de septiembre de 2023, la parte apelante presentó la demanda de epígrafe contra la AAA y ORANF, una corporación encargada de los cobros de la AAA, también conocida como

Número Identificador

SEN2024 _____

TruNorth. En la misma, alegó que, para el año 2023, era propietario de varios inmuebles que arrendaba en Mayagüez, y arguyó que los arrendatarios poseían cuentas individuales para el servicio de agua potable y energía eléctrica. A su vez, indicó que TruNorth transfirió las cuentas de los arrendatarios a su cuenta residencial, ascendiendo la misma a veintinueve mil novecientos setenta y cinco dólares con ochenta y seis centavos ($29,975.86).

En su demanda, el apelante arguyó que la AAA desconectó el servicio de agua potable en su residencia sin un debido proceso de ley. Añadió, que la AAA nunca accedió a concederle vistas administrativas, a pesar de haberlas solicitado mediante cartas certificadas. Por esa razón, estableció que no procedía agotar los remedios administrativos. Como consecuencia, peticionó un interdicto preliminar para que el Tribunal de Primera Instancia ordenara la inmediata reconexión del servicio de agua potable hasta dilucidar la controversia. El 27 de septiembre de 2023, el foro primario emitió una *Sentencia* en la que desestimó la acción presentada por el demandante, apoyando su determinación en que existían remedios administrativos por agotar.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 14 de noviembre de 2023, el señor Valle Morales compareció ante nos mediante un primer recurso de apelación de nomenclatura KLAN202300991. En síntesis, peticionó revocar la desestimación de la *Demanda* y ordenar la reconexión del servicio de agua potable. Por entender que el Tribunal de Primera Instancia había errado en desestimar el reclamo del demandante, el 22 de febrero de 2024, este Foro revocó la *Sentencia* apelada y se ordenó la continuación de los procedimientos ante el Tribunal de Primera Instancia.

Así las cosas, mediante *Orden* del 1 de marzo de 2024, el Tribunal de Primera Instancia declaró *Ha Lugar* el Entredicho

Provisional incoado por el demandante, y ordenó la reinstalación del servicio de agua potable al apelante. En desacuerdo, el 8 de marzo de 2024, la AAA presentó una *Moción Informativa Relacionada a Orden.* En esencia, expuso que nunca había sido emplazada, por lo que cualquier resolución, orden o sentencia que se emitiera en su contra, se realizaría sin jurisdicción. De este modo, solicitó que se dejara sin efecto la *Orden* emitida el 1 de marzo de 2024 y solicitó la desestimación de la *Demanda* presentada en su contra.

El 9 de abril de 2024, mediante *Resolución,* el Tribunal de Primera Instancia tomó conocimiento de lo informado. En la misma, indicó que se desprendía del expediente judicial que no se habían anejado proyectos de emplazamiento para ser expedidos por Secretaría. Por ello, el foro *a quo* ordenó a la parte apelante a presentar proyectos de emplazamiento a ser expedidos, dentro de cinco (5) días. En cumplimiento de dicha orden, y mediante *Moción Informativa y en Cumplimiento de Orden* presentada el 14 de abril de 2024, la parte apelante sometió los proyectos de emplazamientos para ser expedidos por Secretaría, los cuales finalmente fueron expedidos el 19 de abril de 2024.

Así las cosas, el 29 de abril de 2024, la AAA presentó una *Moción de Desestimación.* En esta ocasión, expresamente indicó, entre otras cosas, que el demandante había fallecido antes de que la AAA pudiera ser emplazada, por lo que el Tribunal de Primera Instancia estaba impedido de acoger el recurso y conceder remedio alguno. Además, reiteró que la demanda había sido radicada el 25 de septiembre de 2023, y que fue emplazada el 25 de abril de 2024, en exceso del término de ciento veinte (120) días dispuesto en el ordenamiento procesal civil. De este modo, al amparo de sus alegaciones, solicitó la desestimación con perjuicio por falta de capacidad jurídica, inexistencia de causa de acción e incumplimiento con los términos para diligenciar el emplazamiento.

Por su parte, el 7 de mayo de 2024, el apelante presentó *Moción Informativa y en Cumplimiento de Orden.* En esencia, arguyó que, no se le puede atribuir responsabilidad al apelante por haber expedido el tribunal los emplazamientos el 19 de abril de 2024.

Luego de ciertos trámites, el 26 de junio de 2024, el Tribunal de Primera Instancia emitió la *Sentencia* aquí apelada. En la misma, acogió los argumentos expuestos por la AAA y, en consecuencia, procedió a resolver la *Solicitud de Desestimación* presentada por la AAA el 29 de abril de 2024. En su pronunciamiento, el foro primario dispuso que, la parte apelante no emplazó a AAA y TruNorth. Sostuvo que, transcurrieron ciento noventa y siete (197) días desde la radicación de la demanda hasta que el Tribunal, *motu proprio*, ordenó al demandante presentar los proyectos de emplazamientos. Al amparo de dicha conclusión, afirmó que, tras haber transcurrido el término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento, sin que ello aconteciera, el tribunal *a quo* carecía de jurisdicción sobre los demandados, AAA y TruNorth. Así, el Tribunal de Primera Instancia declaró *Ha Lugar* la solicitud de desestimación sin perjuicio promovida por la AAA, resultando, ello, en la desestimación de la demanda de epígrafe.

Inconforme, el 17 de julio de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez, al desestimar la demanda por falta de jurisdicción y no seguir la sentencia del Tribunal de Apelaciones.

Luego de examinar el expediente de autos, y con la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

Como principio rector, el debido proceso de ley exige que toda persona, natural o jurídica, sobre quien pesa un proceso judicial,

conozca de la existencia del mismo para que comparezca al tribunal y presente adecuadamente su defensa. De conformidad con este deber, el emplazamiento debe constituir una notificación razonable y adecuada sobre la pendencia de determinada reclamación, de manera que le brinde al individuo la oportunidad de ser oído antes de que sus derechos queden adjudicados. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). El emplazamiento es el mecanismo procesal mediante el cual los tribunales de justicia adquieren jurisdicción sobre la persona del demandado para que éste quede sujeto a su eventual pronunciamiento. *Ross Valedón v. Hosp. Dr. Susoni et al*, 2024 TSPR 10, 213 DPR ___ (2024); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458 (2017); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009); *Rivera v. Jaume*, 157 DPR 562 (2002). Siendo esto así y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma, como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. De este modo, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Banco Popular v. S.L.G. Negrón*, supra; *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

En lo pertinente, la Regla 4.3(c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), establece un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. *Ross Valedón v. Hosp. Dr. Susoni et al*, supra; *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). Ahora bien, si el Secretario no expide los

emplazamientos el mismo día en que se presenta la demanda, el tiempo que demore será el mismo término adicional que los tribunales otorgarán para diligenciar los emplazamientos, una vez la parte demandante oportunamente haya presentado una solicitud de prórroga. Tal constituye la única ocasión de excepción en la cual el tribunal competente proveerá para una extensión del plazo legal establecido. Al respecto, nuestro Tribunal Supremo explicó que:

> [L]a propia [R]egla [4.3(c) de Procedimiento Civil] establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, nos lleva a concluir que no se trata de solicitar una prórroga como tal. Más bien, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que en ninguna de estas circunstancias la parte contará con más de 120 días. *Bernier González v. Rodríguez Becerra,* supra, pág. 650.

Ahora bien, de transcurrir el término de los ciento veinte (120) días, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Regla 4.3 (c) de Procedimiento Civil, *supra.* Así, nuestro más Alto Foro ha despejado dudas al manifestar que, "[e]ste término es improrrogable, [por lo que], si en 120 días el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra,* supra, pág. 649. (Énfasis nuestro.) Ello resulta a manera de sanción por no haberse desplegado una diligencia razonable en adquirir jurisdicción sobre la persona del demandado en el pleito, eventualidad que incide en el principio rector de resolver las controversias de forma justa, rápida y económica de nuestro ordenamiento procesal civil. 32 LPRA Ap. V, R.1. A su vez, implica que, como consecuencia, el tribunal no adquiere jurisdicción sobre la persona. *Bernier González v. Rodríguez Becerra,* supra.

El tratadista Rafael Hernández Colón se expresa sobre el deber del demandante de gestionar que se expidan los emplazamientos señalando,

> Aunque existe el deber de Secretaría de expedir los emplazamientos el mismo día en que se presenta la demanda, **el demandante tiene el deber de gestionar que la Secretaría expida el emplazamiento a tiempo**. *Banco de Desarrollo Económico v. A.M.C. Surgery*, 157 D.P.R. 150 (2002). No puede cruzarse de brazos so pretexto de que el tiempo que demore Secretaría será el mismo tiempo que se le concederá de prórroga para diligenciar el emplazamiento, ya que esta no se concede automáticamente. El promovente de la prórroga viene obligado a justificar con referencia a hechos y circunstancias meritorias, la razón o motivo para extender el término antes de vencer. Esta justificación es lo que constituye la justa causa que autoriza la acción prorrogante del TPI. El que se esté llevando a cabo descubrimiento de prueba o que el demandado tenga conocimiento constructivo de la demanda no es justa causa.

> De otra parte, si Secretaría expide el mismo día la R. 4.3(c), 2009 no da margen discrecional al juez para que prorrogue el término para el diligenciamiento. La regla es clara en el sentido de que la prórroga solo se concede en caso de tardanza en la expedición del emplazamiento, de lo contrario, estamos ante un término improrrogable. En este sentido, no puede recurrirse a la R. 68.2, 2009 para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención a la intención legislativa. Rafael Hernández Colón, <u>Derecho Procesal Civil</u>, 2017, 6ta Ed., pág. 267.

**III**

En la presente causa, la parte apelante sostiene que erró el Tribunal de Primera Instancia al desestimar la causa de acción por ella promovida. Plantea que el foro recurrido incidió al concluir que no se diligenciaron los emplazamientos dentro del término improrrogable de ciento veinte (120) días, así como que se incumplió con las exigencias de la Regla 4.3 de Procedimiento Civil, *supra*. Habiendo examinado el referido planteamiento a la luz de las particularidades del caso, y el derecho aplicable a la controversia de autos, procedemos a confirmar la *Sentencia* apelada. Veamos.

Un simple cálculo nos conduce a resolver que el término para diligenciar el emplazamiento caducaba el 23 de enero de 2024. Al atender sobre los documentos que ante nos obran, se desprende que el apelante presentó la *Demanda* el 25 de septiembre de 2023, pero

nunca sometió los proyectos de emplazamientos junto con la demanda para ser expedidos. Tampoco realizó acción afirmativa conducente para solicitar la expedición de los emplazamientos. No fue hasta el 19 de abril de 2024, doscientos siete (207) días después de haber radicado la demanda, que la parte apelante presentó los emplazamientos en la Secretaría del Tribunal de Primera Instancia.

Conforme lo ha reconocido la jurisprudencia, un demandante debe ser diligente en la tramitación de sus causas. No puede cruzarse de brazos. En las ocasiones en que la Secretaría no expida los emplazamientos, el demandante es quien tiene la responsabilidad de solicitar al Tribunal que lo ordene. Por tanto, no procede el argumento de la parte apelante de que fue el Tribunal de Primera Instancia quien provocó que no se expidieran los emplazamientos dentro del periodo establecido por ley. Según surge de los hechos descritos, resulta incontrovertible que el diligenciamiento del emplazamiento, efectuado el 25 de abril de 2024, se realizó fuera del término de los 120 días que establece la Regla 4.3 (c) de las Reglas de Procedimiento Civil.

Así pues, por haber incumplido con el término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento, procede confirmar la determinación del Tribunal de Primera Instancia.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones