ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALVIN HERMINA VENES<br><br>APELANTE<br><br>V.<br><br>XAVIER GONZÁLEZ LEGARRETA, FUNCIONARIO DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>APELADOS | KLAN202500307 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. AR2024CV02098<br><br>Sobre:<br><br>Daños y Otros |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece por derecho propio y en *forma pauperis*, Alvin Hermina Venes, (en adelante, "el apelante"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Sentencia*" emitida el 10 de marzo de 2025 y notificada el 11 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante dicha "*Sentencia*," el foro primario desestimó sin perjuicio la causa de acción del apelante, por incumplir con lo establecido en la Regla 4.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3. Todo, dentro de un pleito de daños y perjuicios instado en contra de Xavier González Legarreta (en lo sucesivo, "el señor González Legarreta").

Por los fundamentos que expondremos a continuación, *revocamos* la "*Sentencia*" dictaminada.

### I.

El apelante se encuentra recluido en la Institucional Correccional 728 de Sabana Hoyos en cumplimiento de una sentencia condenatoria.

Número Identificador
SEN2025_____

El 25 de noviembre de 2024, el apelante presentó ante el tribunal de instancia una demanda enmendada a través del escrito intitulado "*Moción en Demanda.*"[1] En esencia, el apelante instó una acción de daños y perjuicios encontra del técnico socio penal, el señor González Legarreta, a quien demandó en su carácter personal. Planteó, que el señor González Legarreta actuó negligentemente al mentirle respecto al proceso de aplicación para el "*Programa las Casitas.*" A raíz de las aducidas actuaciones negligentes, el peticionario sostuvo que había sufrido angustias mentales. Ante ello, solicitó un remedio económico valorado en $5,000.00, y el cambio de lugar de trabajo o despido del señor González Legarreta. A su vez, petiocionó que se le asignara una representación legal.

Así las cosas, el 5 de diciembre de 2024, el tribunal de instancia notificó una "*Orden.*" Mediante esta, comunicó que no se habían presentado los proyectos de emplazamientos. Así pues, concedió al apelante un nuevo término de diez (10) días para cumplir con la presentación de proyectos de emplazamiento.

Posteriormente, el 26 de diciembre de 2024, el apelante presentó "*Moción Informativa.*"[2] En síntesis, expuso que a través de un sargento de la policía intentó de forma infructuosa emplazar al señor González Legarreta. Sostuvo, que el referido señor "nunca respondió al diligenciamiento." En vista de ello, solicitó al foro sentenciador que se emplazara al señor González Legarreta mediante la oficina de alguaciles del tribunal.

---

[1] Originalmente, el apelante instó su causa de acción en fecha de **25 de octubre de 2024**, mediante escrito intitulado "*Mandamus.*" El 29 de octubre de 2024, el tribunal de instancia acogió el referido recurso como una demanda de daños y perjuicios, y le concedió al apelante un término de diez (10) días para presentar los proyectos de emplazamiento debidamente completados. El 26 de noviembre de 2024, el apelante presentó "*Moción Informativa*", mediante la cual sostuvo que el día 13 de noviembre de 2024, le fue notificada la orden relacionada a dicho término de diez (10) días. Indicó, que en la petición de "*Mandamus*" había solicitado al tribunal que emplazara al señor González Legarreta, dado que no cuenta con los recursos suficientes para realizar la referida gestión.

[2] Junto a la referida moción, el apelante **anejó un proyecto de emplazamiento** con la información de la persona demandada. A su vez, el apelante completó erróneamente la parte del aludido proyecto dirigida al "diligenciamiento del emplazamiento por persona particular." En la referida área, el apelante, bajo su entendimiento, certificó un diligeciamiento negativo del emplazamiento.

En atención de ello, el 13 de enero de 2025, el tribunal de instancia notificó una "*Orden.*" Mediante esta esbozó las siguientes expresiones:

El emplazamiento sometido no es uno válido y no cumple con lo que le fuera ordenado el 5 de diciembre de 2024.

Se Ordena a la Secretaría del Tribunal remitir (el)(los) formulario(s) de emplazamiento(s) para que el demandante llene los espacios correspondientes de las personas que son demandadas. Luego de ello, el demandante NO TIENE que realizar las gestiones para emplazar. Debe devolver los formularios completados para que el tribunal asigne un Alguacil para diligenciar los emplazamientos.

Cumpla el demandante con enviar los emplazamientos completados en el término de 15 días a partir de la fecha en que reciba los mismos.

Así las cosas, el 7 de febrero de 2025, el apelante presentó unos proyectos de emplazamiento completados con la información del demandado a emplazar.[3]

Acto seguido, el 11 de marzo de 2025, el foro sentenciador notificó la "*Sentencia*" que hoy nos ocupa. Mediante esta, desestimó sin perjuicio la causa de acción del apelante por incumplir con lo establecido en la Regla 4.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3. Además, indicó lo siguiente:

Surgiendo de autos que no se presentó y, por lo tanto, no se diligenció el emplazamiento dentro del término provisto en la Regla 4.3 (c) de Procedimiento Civil, **el Tribunal dicta Sentencia decretando el archivo de la causa de acción bajo las disposiciones de la referida Regla 4.3 (c), Sin Perjuicio.**

El 14 de marzo de 2025, el apelante presentó un escrito intitulado "*Moción Informativa.*" Mediante el referido escrito, solicitó que se le brindara información sobre el "status" del caso. Aseveró, que para el mes de febrero había enviado "los folletos de emplazamiento," por lo que solicitaba saber si habían llegado al tribunal.

El 17 de marzo de 2025, el foro sentenciador, notificó una "*Orden*" mediante la cual le indicó al apelante lo siguiente: "Véase Sentencia emitida el 10 de marzo de 2025."

En desacuerdo con la "*Sentencia*" dictaminada, el 9 de abril de 2025, el apelante compareció de forma oportuna ante esta Curia a través

---

[3] Véase, Entrada Núm. 15 del Sistema Unificado de Manejo y Administración de Casos (SUMAC). La referida entrada se intitula "**Emplazamiento para Expedir.**"

del recurso de epígrafe. Mediante el referido recurso, esbozó el siguiente señalamiento de error:

> Que el Hon. T.P.I desestim[ó] la demanda por daño[s] y perjuicio[s], por la referida Regla 4.3 (c).

**II**.

"El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra, y a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado*." Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021). En nuestro ordenamiento jurídico el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Íd.* Éste se mueve dentro del campo del Derecho Constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra. R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. LexisNexis Puerto Rico (2017), pág. 257; *Torres Zayas v. Montano Gómez*, 199 DPR 458, 468 (2017).

La Regla 4.1 de Procedimiento Civil requiere que el demandante al presentar la demanda también entregue el formulario de emplazamiento. 32 LPRA Ap. V, R. 4.1; *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019). Una vez presentados los formularios, entonces la Secretaría del Tribunal expedirá emplazamientos individuales o adicionales contra cualesquiera partes demandadas. *Íd.* Una vez la Secretaría expida los emplazamientos, comenzará a transcurrir el término para diligenciar dichos emplazamientos. *Pérez Quiles v. Santiago Cintrón,* supra, pág. 381. Sobre la normativa de diligenciamiento, la Regla 4.3(c) establece lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado

de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. 32 LPRA Ap. V, R. 4.3 (c).

Conforme a la norma citada, el Tribunal Supremo de Puerto Rico reconoce que una vez se expida el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). Cabe señalar que, este término es improrrogable y, consecuentemente, si en 120 días el demandante no diligencia el emplazamiento automáticamente se desestimará su causa de acción. *Íd.* pág. 647. Para determinar cuándo computar el término mencionado el Tribunal Supremo señala lo siguiente:

> En contexto con lo anterior, en *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, señalamos que **el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante**. (Énfasis suplido). *Pérez Quiles v. Santiago Cintrón, supra.* pág. 388.

A tenor con el precepto citado, para que transcurra el término de ciento veinte (120) días "es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente, sino, además, que el emplazamiento sea expedido por el tribunal." *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 991 (2020).

Durante estos procesos, aunque la Secretaría tiene el deber de expedir los emplazamientos el mismo día de la presentación de la demanda, el demandante tiene el deber de gestionar que esta expida el emplazamiento a tiempo. R. Hernández, *op. cit.* pág.267; *Bco. Des. Eco. v. A.M.C. Surgery,* 157 DPR *150, 154* (2002). En estos casos, el demandante no puede presentar una demanda y esperar que el secretario prepare y expida los emplazamientos correspondientes. *Bco. Des. Eco. v. A.M.C. Surgery, supra.* pág. 154.

Expuesto la anterior, el caso de *Pérez Quiles v. Santiago Cintrón supra*, pág. 387*,* reconoce que mientras la secretaría no expida el

emplazamiento, la parte demandante no tiene nada que diligenciar. Sin embargo, cabe señalar, que esa misma determinación establece que ante un retraso irrazonable por parte de la Secretaría en la expedición de los emplazamientos, la parte demandante deberá evidenciar que no se cruzó de brazos. *Íd*, pág. 386.

**III.**

En esencia, el apelante sostiene que incidió el foro sentenciador al desestimar su causa de acción, dado que ha cumplido con las ordenes del tribunal en todo lo que ha estado a su "alcance y recursos disponible[s]."

Según fue expuesto, el término de ciento veinte (120) días para diligenciar el emplazamiento es improrrogable y comienza a decursar luego de que se presente el formulario de emplazamiento y la Secretaría expida el emplazamiento correspondiente. Además, nuestro ordenamiento jurídico requiere que el demandante no se incline a un estado de dejadez en los casos en que la Secretaría se demore irrazonablemente en la expedición de un emplazamiento.

A la luz del referido marco doctrinal y de los hechos particulares de este caso, concluimos que no procede la desestimación de la causa de acción del apelante. De entrada, **no surge del expediente electrónico de SUMAC que el emplazamiento peticionado por el apelante fuera expedido por la Secretaría del Tribunal.** Además, el apelante mantuvo una conducta diligente y de atención a su causa de acción. Veamos.

La primera causa de acción del apelante se presentó el día 25 de octubre de 2024. Surge de la referida reclamación, intitulada "*Mandamus*," que el apelante solicitó que el señor Gonzáles Legarreta fuera emplazado. A su vez, tras enmendar la aludida reclamación, sometió ante el foro primario unos proyectos de emplazamiento. En la misma fecha, reiteró su petición de que el señor González Legarreta fuera emplazado por los alguaciles del Tribunal, debido a su escasez de recursos. A pesar de que el apelante no completó de forma correcta los referidos proyectos

de emplazamiento, subsanó dicho defecto mediante la presentación de unos formularios de emplazamiento enmendados. Ante ello, cumplió con la *"Orden"* notificada el 13 de enero de 2025. Mediante esta, el tribunal le había requerido que enviara los formularios de emplazamiento completados en un término de quince (15) días a partir de la fecha en que recibiera los mismos.

A pesar de que no surge del expediente la fecha en que dicha *"Orden"* fue entregada al apelante, éste no se cruzó de brazos y entregó el 7 de febrero de 2025 el proyecto de emplazamiento requerido.[4] Nótese, que desde la presentación de la reclamación original (25 de octubre de 2024) – hasta el 7 de febrero de 2025 - no habían transcurridos los ciento veinte (120) días improrrogables para diligenciar el emplazamiento. **Solo trascurrieron ciento cinco (105) días**.

Independientemente de ello, en el presente caso **no procede que se compute el término de ciento veinte (120) días para diligenciar el emplazamiento, toda vez que la Secretaría no había expedido el correspondiente emplazamiento**. **Por consiguiente, dicho término no comenzó a trascurrir.** Así lo ha puntualizado nuestro mas Alto foro a través de la siguiente expresión: "Nótese que, mientras la Secretaría no expida el emplazamiento, la parte demandante no tiene nada que diligenciar. En consecuencia, sería improcedente descontarle tiempo alguno." *Pérez Quiles v. Santiago Cintrón*, supra, pág. 387.

Es preciso reiterar, que tras una búsqueda cuidadosa en la plataforma digital de SUMAC no surge que el emplazamiento fuera expedido por la Secretaría del tribunal recurrido. El 7 de febrero de 2025, el apelante entregó unos proyectos de emplazamiento, según surge la Entrada Núm. 15 de SUMAC intitulada "**Emplazamiento para Expedir.**"

---

[4] Cabe señalar, que la Regla 30.1 de nuestro Reglamento contempla una disposición particular para los casos en que las personas confinadas presentan recursos ante el foro apelativo. En lo atinente, la referida regla lee como sigue: "(B) Si el confinado o confinada entregara el escrito de apelación a los funcionarios o funcionarias de la institución con tiempo para ser recibido en el tribunal apelado o en el Tribunal de Apelaciones antes de vencer el término para apelar, y dichos funcionarios o funcionarias dejan de darle curso, tal entrega equivale a una presentación del escrito de apelación dentro del término para iniciar el recurso y a la notificación al Fiscal o a la Fiscal y al Procurador General o a la Procuradora General." 4 LPRA Ap. XXII-B

Luego de dicha presentación no surge alguna otra entrada en la que se certifique la correspondiente expedición. Por consiguiente, el foro sentenciador incidió al desestimar la causa de acción del apelante. Ello, toda vez que el referido apelante presentó el proyecto de emplazamiento requerido y el término de diligenciamiento no comenzó a decursar por no ocurrir la expedición del mismo.

En vista de la norma jurídica esbozada y las circunstancias particulares del presente caso, *revocamos* la "*Sentencia*" dictaminada. En consecuencia, devolvemos el caso de epígrafe para que se expida el correspondiente emplazamiento y se asigne un Alguacil del tribunal para el diligenciamiento de dicho emplazamiento, conforme se desprende de la "*Orden*" notificada el 13 de enero de 2025.

**IV.**

Por los fundamentos que anteceden, revocamos la "*Sentencia*" recurrida. En consecuencia, devolvemos el presente caso para que se expida el correspondiente emplazamiento y se asigne un Alguacil del tribunal para el diligenciamiento dicho emplazamiento, conforme se desprende de la "*Orden*" notificada el 13 de enero de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones