Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ADAM LONG<br><br>Apelante<br><br><br>v.<br><br><br>WINDY SUIL PAGÁN NAVARRO, ÁNGEL MANUEL PAGÁN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS<br><br>Apelado | TA2025AP00166 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm.: DO2025CV00014<br><br><br>Sobre: Acometimiento o Agresión |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece ante *nos*, Adam Long (Long o apelante) y nos solicita que revisemos y revoquemos una *Resolución* y *Sentencia Parcial Enmendada* emitida el 24 de junio de 2025 y notificada el 27 de junio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario desestimó con perjuicio la *Demanda* presentada en contra de Windy Suil Pagán Navarro (Pagán Navarro) y la Sociedad Legal de Gananciales compuesta con Ángel Manuel Pagán (Pagán) (en conjunto, los apelados).

Por los fundamentos que se exponen a continuación, *confirmamos* el dictamen apelado.

**I.**

Surge del expediente ante *nos* que, el 24 de enero de 2025, la parte apelante presentó una *Demanda* en contra de la parte apelada,

sobre acometimiento y/o agresión. Así las cosas, el 28 de enero de 2025, la parte apelante le cursó a la parte apelada por correo electrónico, a través de su representación legal, unas solicitudes de renuncia al emplazamiento al amparo de la Regla 4.5 de Procedimiento Civil (32 LPRA Ap. V). Posteriormente, el 5 de febrero de 2025, Long cursó las solicitudes de renuncia al emplazamiento por correo certificado a ambos representantes legales.

Consecuentemente, el 25 de febrero de 2025, Pagán presentó una *Moción Asumiendo Representación y en Solicitud de Prórroga* mediante la cual sostuvo que estaría renunciando al emplazamiento y solicitó una prórroga de treinta (30) días para presentar su alegación responsiva. Así, el 24 de marzo de 2025, la parte apelante presentó una *Moción Solicitando Expedición de Emplazamiento*. En esta, solicitó que se ordenara la expedición del emplazamiento personal para Pagán Navarro. Oportunamente, el 27 de marzo de 2025, el foro primario emitió una *Orden* mediante la cual declaró *Ha Lugar* la *Moción Solicitando Expedición de Emplazamiento*. Ese mismo día, la Secretaría del Tribunal expidió dicho emplazamiento.

El 28 de abril de 2025, Pagán presentó una *Contestación a Demanda*. Subsiguientemente, el 18 de junio de 2025, Long presentó una *Moción Solicitando Expedición de Emplazamiento por Edicto*; junto a su escrito, la parte apelante anejó una Declaración Jurada de la emplazadora, Yahaira Esquilín, en la cual detalló las gestiones realizadas para emplazar a Pagán Navarro. En vista de ello, el 18 de junio de 2025, el TPI emitió una *Orden* mediante la cual denegó la solicitud de expedición de emplazamiento por edicto para Pagán Navarro; esto, por haber transcurrido el término para emplazar.

El 20 de junio de 2025, la parte apelante presentó una *Moción de Reconsideración*. Entretanto, el 23 de junio de 2025, Pagán presentó una *Oposición a Moción de Reconsideración*. El 24 de junio

de 2025, el foro primario emitió una *Resolución y Sentencia Parcial Enmendada*. En la misma, declaró *Sin Lugar* la solicitud de reconsideración de la parte apelante. Además, desestimó con perjuicio la *Demanda* incoada en contra de Pagán Navarro, por haber solicitado el emplazamiento por edicto fuera del término de 120 días que establece la Regla 4.3 de Procedimiento Civil (32 LPRA Ap. V).

Inconforme, el 8 de julio de 2025, Long presentó una *Moción de Reconsideración*. El 9 de julio de 2025, Pagán presentó una *Oposición a Moción de Reconsideración*. Ese mismo día, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *Sin Lugar* la solicitud de reconsideración. Inconforme aun, el 23 de julio de 2024, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y planteó la comisión del siguiente error:

**ERRÓ EL TPI AL DESESTIMAR LA DEMANDA CONTRA LA SRA. PAGÁN Y LA SLG, TRAS CONCLUIR QUE LA SOLICITUD DE EMPLAZAMIENTO POR EDICTOS FUE PRESENTADA FUERA DE TÉRMINO.**

Luego de varios incidentes procesales, innecesarios pormenorizar, el 9 de octubre de 2025, Pagán presentó el *Alegato de la Parte Apelada*. Contando con el beneficio de la comparecencia de todas las partes, pasamos a resolver.

## II.

### A. Emplazamiento

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). Así, el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd.* De esta forma, la parte demandada tiene la oportunidad

de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014). Por esto, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Pérez Quiles v. Santiago Cintrón, supra*.

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. *Torres Zayas v. Montano Gómez*, 199 DPR 458 (2017).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de Procedimiento Civil (32 LPRA Ap. V). En particular, dicho precepto legal establece que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil (32 LPRA Ap. V). Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil (32 LPRA Ap. V). En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar una sentencia en la que decrete su desestimación y archive sin perjuicio del caso ante su consideración. *Íd.*

Ahora bien, para determinar cuándo comenzar a computar el referido término, nuestro máximo Foro señala que "el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante". *Pérez Quiles v. Santiago Cintrón, supra*, pág. 388.

Durante estos procesos, aunque la Secretaría tiene el deber de expedir los emplazamientos el mismo día de la presentación de la demanda, el demandante tiene el deber de gestionar que esta expida el emplazamiento a tiempo. *Bco. Des. Eco. v. A.M.C. Surgery,* 157 DPR 150 (2002). En estos casos, el demandante no puede presentar una demanda y esperar que el secretario prepare y expida los emplazamientos correspondientes. *Íd.* Cónsono con esto, el caso de *Pérez Quiles v. Santiago Cintrón, supra,* reconoce que mientras la Secretaría no expida el emplazamiento, la parte demandante no tiene nada que diligenciar. No obstante, cabe señalar que, ante un retraso irrazonable por parte de la Secretaría en la expedición de los emplazamientos, la parte demandante deberá evidenciar que no se cruzó de brazos. *Íd.,* pág. 386.

Asimismo, nuestro máximo Foro ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Torres Zayas v. Montano Gómez, supra,* pág. 468. Véase, además, *Quiñones Román v. Cía. ABC,* 152 DPR 367 (2000). Ello, pues, "[e]l emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal. *Rivera v. Jaume,* 157 DPR 562 (2002).

**III.**

En esencia, la parte apelante alega que erró el TPI al desestimar la *Demanda* presentada en contra de Pagán Navarro y la Sociedad Legal de Bienes Gananciales, tras concluir que la solicitud de emplazamiento por edictos fue presentada fuera de término. Debemos resaltar, que en el presente caso el emplazamiento en controversia es el de Pagán Navarro, pues el codemandado Pagán renunció al emplazamiento mediante moción del 25 de febrero de 2025.

Según hemos expuesto, el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante". *Pérez Quiles v. Santiago Cintrón, supra.* Así pues, aunque la Secretaría tiene el deber de expedir los emplazamientos el mismo día de la presentación de la demanda, el demandante tiene el deber de gestionar que esta expida el emplazamiento a tiempo. *Bco. Des. Eco. v. A.M.C. Surgery, supra.* En estos casos, el demandante no puede presentar una demanda y esperar que el secretario prepare y expida los emplazamientos correspondientes. *Íd.* Por consiguiente, nuestro ordenamiento jurídico requiere que el demandante no se incline a un estado de dejadez en los casos en que la Secretaría se demore irrazonablemente en la expedición de un emplazamiento.

Surge del expediente ante nuestra consideración que, el 24 de enero de 2025, Long presentó una *Demanda* en contra de la parte apelada. El 28 de enero de 2025, la parte apelante le cursó a la parte apelada por correo electrónico, a través de su representación legal, unas solicitudes de renuncia al emplazamiento. Luego, el 5 de febrero de 2025, el apelante cursó las solicitudes de renuncia al emplazamiento por correo certificado a ambos representantes legales.

El 24 de marzo de 2025, la parte apelante presentó una *Moción Solicitando Expedición de Emplazamiento* mediante la cual solicitó que se ordenara la expedición del emplazamiento personal para Pagán Navarro. Así pues, el 27 de marzo de 2025, el TPI emitió una *Orden* mediante la cual declaró *Ha Lugar* la *Moción Solicitando Expedición de Emplazamiento.* Acto seguido, ese mismo día, la Secretaría del Tribunal expidió dicho emplazamiento.

Transcurridos casi tres (3) meses desde la expedición del emplazamiento personal, sin que este fuera diligenciado, el 18 de

junio de 2025, Long presentó una *Moción Solicitando Expedición de Emplazamiento por Edicto*. En igual fecha, el TPI emitió una *Orden* mediante la cual denegó la solicitud de expedición de emplazamiento por edicto para Pagán Navarro; esto, por haber transcurrido el término para emplazar.

Asimismo, el 24 de junio de 2025, el foro primario emitió una *Resolución y Sentencia Parcial Enmendada*. En esta, declaró *Sin Lugar* la solicitud de reconsideración de la parte apelante. Además, desestimó con perjuicio la *Demanda* incoada en contra de Pagán Navarro, por haber solicitado el emplazamiento por edicto fuera del término de 120 días que establece la Regla 4.3 de Procedimiento Civil, *supra*.

A la luz del referido marco doctrinal y de los hechos particulares de este caso, concluimos que procede la desestimación de la *Demanda* presentada en contra de Pagán Navarro y la Sociedad Legal de Bienes Gananciales. De conformidad con los hechos antes expuestos, la parte apelante presentó su causa de acción el 24 de enero de 2025 y espero dos (2) meses, hasta el 24 de marzo de 2025, para solicitarle al foro primario la expedición del emplazamiento personal para Pagán Navarro. Esto, debido a que la parte apelante intentó, sin éxito, la renuncia al emplazamiento personal de Pagán Navarro.

Expedido el emplazamiento personal, la parte apelante esperó casi tres (3) meses para notificarle al TPI que no había podido emplazar personalmente a Pagán Navarro. Por lo cual, solicitó la expedición del emplazamiento por edicto. Sin embargo, a la fecha de su solicitud, 18 de junio de 2025, ya había transcurrido el término de 120 días para emplazar a Pagán Navarro.

En consecuencia, no incidió el foro primario al desestimar con perjuicio la *Demanda* presentada en contra de Pagán Navarro y la Sociedad Legal de Bienes Gananciales. Esto, pues ante la dejadez de

la parte apelante, la solicitud para la expedición del emplazamiento por edicto se realizó fuera del término establecido en la Regla 4.3 de Procedimiento Civil, *supra.*

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución y Sentencia Parcial Enmendada.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rodríguez Flores disiente con la siguiente expresión:

A la luz de los hechos particulares del caso, el suscribiente entiende que el demandante no se cruzó de brazos. Por otra parte, mi disenso encuentra apoyo en la norma establecida por el Tribunal Supremo en *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 381 (2021), que postula:

> Al amparo de los casos *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), y *Sánchez Ruiz v. Higuera Pérez et al.,* 203 DPR 982 (2020), resolvemos que el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, **sin ninguna otra condición o requisito**, una vez la Secretaría del tribunal expida el emplazamiento. (Énfasis nuestro).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones