ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| RICARDO CABRERA VIÑALES<br><br>Parte Peticionaria<br><br>v.<br><br>HUMACAR, INC.<br><br>Parte Recurrida | TA2026CE00046 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>HU2025CV00475<br><br>Sala: 208<br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2026.

Compareció ante este Tribunal la parte peticionaria, el Sr. Ricardo Cabrera Viñales (en adelante, el "señora Cabrera Viñales" o "Peticionario"), mediante recurso de *certiorari* presentado el 12 de enero de 2026. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, "TPI"), el 24 de noviembre de 2025, notificada y archivada en autos al día siguiente. Mediante el referido dictamen, el foro de instancia declaró "No Ha Lugar" una solicitud de desestimación presentada por el Peticionario.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Orden* recurrida.

## I.

El presente caso tuvo su origen el 15 de abril de 2025, con la presentación de una "**Demanda**" de cobro de dinero interpuesta por el señor Cabrera Viñales en contra de Humacar, Inc. (en adelante, "Humacar" o "Recurrido"). Mediante la misma, el Peticionario sostuvo que para el mes de

octubre de 2023 invirtió la suma de $16,800.00 para que fuera utilizada para la compra de varias unidades de vehículos de motor, con el objetivo de dividirse las ganancias de las ventas por partes iguales. De igual manera, sostuvo que, como parte de los acuerdos arribados, una vez se vendieran las unidades, la inversión del Peticionario le sería devuelta como ganancia de cada venta. Arguyó que fungiría como vendedor Humacar y que recibiría una comisión por las ventas realizadas.

Planteó que el Recurrido nunca devolvió las inversiones realizadas por el señor Cabrera Viñales y que solo efectuó algunos adelantos sin saldar lo que por acuerdo correspondía. Añadió que Humacar tampoco efectuó los pagos de las comisiones y ganancias por las ventas de los vehículos de motor que realizó. En vista de lo anterior, solicitó el pago de una suma ascendente a $51,948.76 más el pago de una suma que en ese momento desconocía, por haberse acordado la venta de los vehículos en una proporción de un 50% en la ganancia neta de la venta.

El 3 de julio de 2025, Humacar presentó "**Contestación a Demanda y Reconvención y Demanda contra Tercero**". En esencia, negó las alegaciones invocadas en su contra y alegó afirmativamente que el pago de los $16,800.00 se dio para la compra de una unidad en específico y no como inversión para la compra de varios vehículos. A través de la *Demanda contra Terceros*, Humacar sostuvo que el señor Cabrera Viñales engañó al presidente de dicha entidad, el Sr. Santos Manfredy Rodríguez, al expresarle que llevaría una flota de carros que alegadamente era de su propiedad para ser vendidos en las facilidades del Recurrido. Sostuvo que el señor Manfredy visualizó la propuesta del Peticionario como una oportunidad de generar ingresos.

Igualmente, alegó que el señor Cabrera Viñales se confabuló con los señores Pedro Rodríguez Rodríguez, Francisco Pérez y la Lcda. Ketsy Lozada para efectuar unos esquemas fraudulentos con la intención de aprovecharse y enriquecerse de Humacar y el señor Manfredy, en detrimento de estos últimos. Planteó que el Peticionario y los terceros demandados actuaron de mala fe y en conductas fraudulentas y dolosas en

violación de los acuerdos verbales habidos entre los señores Cabrera Viñales y Manfredy. Así, sostuvo que sufrió daños y perjuicios ascendentes a $30,000.00.

Tras varios trámites procesales, incluyendo la celebración de la *Conferencia Inicial*, el 17 de noviembre de 2025, Humacar presentó una "**Moción al Expediente Judicial**" en la que anejó los proyectos de emplazamientos a nombre de los terceros demandados y solicitó su correspondiente expedición. Al día siguiente, el señor Cabrera Viñales presentó "**Oposición a Expedición de Emplazamientos y Solicitud de Desestimación de la Demanda contra Terceros**". Acentuó que no procedía la expedición de los aludidos proyectos de emplazamientos y sí la desestimación de la "**Demanda contra Terceros**", al haberse presentado ante el foro de instancia 139 días luego de la radicación de la misma.

El 20 de noviembre de 2025, el TPI ordenó la expedición de los emplazamientos en cuestión. No obstante, ese mismo día, dictó *Orden* concediéndole a Humacar un plazo para exponer su posición a la solicitud de desestimación de la "**Demanda contra Terceros**". Varios días más tarde, el señor Cabrera Viñales presentó un escrito intitulado "**Réplica a** '**Oposición a Expedición de Emplazamientos y Solicitud de Desestimación de la Demanda contra Terceros**'". Planteó que el término de 120 días que dispone la Regla 4.3 (c) de las de Procedimiento Civil, *infra*, nunca comenzó a transcurrir, puesto que la Secretaría del TPI nunca cumplió con su deber ministerial de expedir los emplazamientos.

Atendidos los planteamientos de las partes, el foro *a quo* emitió *Orden* mediante la cual declaró "No Ha Lugar" la oposición a la expedición de los emplazamientos y solicitud de desestimación, reafirmándose en que procedía la expedición de los mismos. Inconforme, el 7 de diciembre de 2025, el Peticionario presentó una solicitud de reconsideración que fue denegada mediante dictamen notificado a las partes el 15 de diciembre de 2025.

Aun insatisfecho, el señor Cabrera Viñales presentó el recurso ante nuestra consideración mediante el cual le imputó al TPI la comisión de los siguientes errores:

**Erró el Tribunal de Primera Instancia, Sala Superior de Humacao y abusó de su discreción al ordenar la Expedición de los Emplazamientos contra los demandados contra terceros, por solicitud de parte luego de haber transcurrido 137 días de la presentación de la Demanda contra Terceros en un claro incumplimiento con la normativa establecida sin la aplicación de los dispuesto en Banco de Desarrollo económico v. AMC Surgery, 157 DPR 150 (2002), Bernier González v. Rodríguez Becerra, 200 D.P.R. 637 (2018), Sánchez Ruiz v. Higuera Pérez, 203 DPR 982 (2020), y reiterado en Pérez Quiles v. Santiago Cintrón, 206 DPR 379 (2021), y Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., 2024 TSPR 10.**

**Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, y abusó de su discreción al no aplicar lo dispuesto en Banco de Desarrollo económico v. AMC Surgery, 157 DPR 150 (2002), Bernier González v. Rodríguez Becerra, 200 D.P.R. 637 (2018), Sánchez Ruiz v. Higuera Pérez, 203 DPR 982 (2020), y reiterado en Pérez Quiles v. Santiago Cintrón, 206 DPR 379 (2021), y Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., 2024 TSPR 10 y no emitir como remedio una Sentencia de desestimación, sin perjuicio, a pesar de que los hechos del presente caso cumplen con lo dispuesto en dicha normativa**.

El 22 de enero de 2026, Humacar presentó su "**Memorando en Oposición a la Expedición del Auto de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v. Ferré Morris y otros, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la

persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. Ross Valedón v. Hosp. Dr. Susoni *et al.*, 213 DPR 481, 495 (2024); Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998).

En esta misma línea, la Regla 4 de Procedimiento Civil regula lo concerniente a la expedición y diligenciamiento de los emplazamientos. 32 LPRA Ap. V, R. 4. Específicamente, establece que le corresponde a la parte demandante presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. 32 LPRA Ap. V, R. 4.1. Respecto al término para diligenciar el emplazamiento, la Regla 4.3 (c) de Procedimiento Civil dispone expresamente que este debe ser gestionado "**en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**". 32 LPRA Ap. V, R. 4.3 (c) (énfasis suplido). En caso de que el Secretario o Secretaria no los expida el mismo día de presentarse la demanda, el tiempo que demore será el mismo tiempo adicional que el Tribunal de Primera Instancia le otorgará al demandante para diligenciar los emplazamientos, siempre y cuando este haya presentado oportunamente una solicitud de prórroga. Íd. Una vez transcurre el mencionado plazo, sin que se hay diligenciado el emplazamiento, le corresponde al Tribunal dictar sentencia decretando la desestimación y archivo sin perjuicio de la demanda. Íd.

Es menester destacar que nuestro Tribunal Supremo ha expresado que el mencionado término de 120 días es inextensible y comienza a contar una vez la Secretaría del Tribunal expide el emplazamiento. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018). Asimismo, ha señalado que la mal denominada prórroga a la que alude la Regla 4.3 de Procedimiento Civil, *supra*, en realidad se refiere a la obligación del demandante de presentar una moción al Tribunal solicitando la expedición de los emplazamientos en caso de que la Secretaría del Tribunal no los haya emitido el día de la presentación de la demanda. Íd., pág. 650. Es decir, dicha disposición no constituye una verdadera prórroga, sino un mecanismo procesal dirigido a asegurar la continuidad de los procedimientos judiciales. Así pues, entendió el alto foro judicial que no puede recurrirse a las disposiciones de la Regla 68.2 de Procedimiento Civil para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención con la intención legislativa. Íd.

Más aún, coligió el Tribunal Supremo en *Bernier* que **no cabe hablar de discreción judicial a la hora de prorrogar el término que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra*, para diligenciar el emplazamiento**. Cónsono con lo anterior, en Pérez Quiles v. Santiago Cintrón, 206 DPR 379 (2021), el Tribunal Supremo resolvió que el "término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, *sin ninguna otra condición o requisito*, una vez la Secretaría del tribunal expida el emplazamiento". Íd., pág. 381 (énfasis en el original). De hecho, se reiteró lo resuelto en *Bernier* a los fines de que "que la 'moción de prórroga' a la que alude la Regla 4.3 (c) de Procedimiento Civil, *supra*, **no se refiere a una solicitud para ampliar del término de 120 días como tal**". Íd., pág. 385 (énfasis suplido). Así pues, dispuso el Tribunal Supremo que la llamada "prórroga" se utilizará únicamente en aquellas instancias en las que la Secretaría del tribunal de instancia observe un retraso irrazonable en la expedición de los emplazamientos. Íd., pág. 386.

**III.**

En nuestra jurisdicción la parte que interese demandar a otra debe presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil, *supra*.

En cuanto al momento para que la Secretaría del Tribunal de Primera Instancia expida los emplazamientos, la Regla 4.3 (c) de Procedimiento Civil, *supra*, es diáfana al disponer que ello se debe efectuar "el mismo día en que se presente la demanda". Íd. Ahora bien, claramente la expedición de los emplazamientos está condicionada a la presentación de los formularios de emplazamiento en igual fecha por la parte demandante. Bco. Des. Eco. v. AMC Surgery, 157 DPR 150, 155 (2002). Así, "expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo". Torres Zayas v. Montano Gómez, 199 DPR 458, 468 (2017).

Este término es improrrogable y, consecuentemente, si el demandante no cumple con la diligencia en el aludido plazo, la demanda queda automáticamente desestimada. Ross Valedón v. Hosp. Dr. Susoni *et al.*, *supra*, pág. 488. Ahora bien, si la Secretaría del foro de instancia no expide los emplazamientos el mismo día en que se presentó la demanda, la Regla 4.3(c) de Procedimiento Civil, *supra*, establece que el tiempo que se tarde en emitirlo será el tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento, pero solo después que "el demandante presente oportunamente una solicitud de prórroga". Bernier González v. Rodríguez Becerra, *supra*, pág. 650.

Relacionado con lo anterior, el Tribunal Supremo expresó que "no se puede dejar al arbitrio de un demandante o su abogado escoger la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuándo serán expedidos". Sánchez Rodríguez v. Adm. de Corrección, 177 DPR 714, 723 (2009). Ello es cónsono con la tendencia jurisprudencial reciente de nuestro alto foro judicial relacionado con el plazo para diligenciar los emplazamientos, pues lo contrario implicaría extender el periodo de tiempo

que nuestro ordenamiento procesal dispone como el apropiado para emplazar a una parte.

En el caso que nos ocupa, Humacar presentó la "**Demanda contra Terceros**" el 3 de julio de 2025. En ese momento **no** acompañó los formularios de emplazamientos junto a su alegación. El expediente electrónico de SUMAC demuestra que el Recurrido no hizo gestión alguna para procurar la expedición de los emplazamientos hasta el 17 de noviembre de 2025, cuando presentó una "**Moción al Expediente Judicial**" en la que, por primera vez, presentó los formularios de los emplazamientos dirigidos a los terceros demandados. Tras la presentación de la *Oposición* del Peticionario y su solicitud de desestimación, el TPI ordenó la expedición de los emplazamientos mediante *Orden* de 25 de noviembre de 2025. Esta determinación fue reiterada mediante dictamen de 15 de diciembre de 2025.

El señor Cabrera Viñales sostiene que el TPI incidió al ordenar la expedición de los emplazamientos al día 137 de presentada la "**Demanda contra Terceros**". Así pues, es su postura que el Recurrido se cruzó de brazos con su deber procesal de diligencia que exige la Regla 4.3 (c) de Procedimiento Civil, *supra*. Por su parte, Humacar arguye que, si la Secretaría del TPI no expidió los emplazamientos, entonces el plazo de 120 días nunca comenzó a transcurrir. Asimismo, sostiene que no se le puede imputar la falta de expedición de los emplazamientos. Veamos.

Es indiscutible que Humacar no acompañó los formularios de los emplazamientos cuando presentó la "**Demanda contra Terceros**". Con su proceder impidió que la Secretaría del foro recurrido firmara y estampara su sello ese mismo día y procediera a expedir los mismos. Tampoco existe contención sobre que el Recurrido presentó, por primera vez, los formularios de emplazamientos luego de transcurridos 120 días desde que presentó la "**Demanda contra Terceros**".

Es menester destacar que durante cuatro (4) meses Humacar no procuró gestión alguna para que se procediera a expedir los emplazamientos. Ciertamente, coincidimos con el Peticionario a los efectos

de que el Recurrido se cruzó totalmente de brazos al no realizar gestión alguna dirigida a solicitar la expedición de los emplazamientos dentro del término de 120 días dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra*.

Tal y como hemos adelantado, aunque la citada Regla impone a la Secretaría del foro *a quo* el deber ministerial de expedir inmediatamente el emplazamiento, es también indispensable que, al momento de presentar la demanda, el promovente de la acción acompañe el formulario de emplazamiento para que el Secretario o Secretaria lo firme y selle. Reglas 4.1 y 4.3 (c) de Procedimiento Civil, *supra*. Sobre la coexistencia de las obligaciones creadas por ambas Reglas, el tratadista Cuevas Segarra comenta que:

> [L]a vigente Regla 4.1, como hemos visto, requiere la presentación del formulari del emplazamiento conjuntamente con la demanda para su expedición inmediata por Secretaría. Por otro lado, la Regla 4.3 (c) requiere que el Secretario expida los emplazamientos el mismo día en que se presenta la demanda. Si no los expide, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos. Una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Estimo no obstante, que un incumplimiento craso con el deber ministerial de la Secretaría en expedir los emplazamientos debe ser informado al Tribunal de inmediato para cumplir con el deber de diligencia en el tramite de la acción. J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones JTS, 2011, Tomo I, pág. 304.

Es, pues, evidente que Humacar no podía presentar la "**Demanda contra Terceros**" sin acompañar los correspondientes formularios de emplazamientos. Sánchez Rodríguez v. Adm. de Corrección, *supra*, pág. 723. Tampoco podía cruzarse de brazos, incumplir con el deber procesal que le impone la Regla 4.3 (c) de Procedimiento Civil, *supra*, y permitir que transcurrieran más de cuatro (4) meses para presentar los mismos. Bco. Des. Eco. v. AMC Surgery, *supra*, pág. 157. Recordemos que el plazo de 120 días es improrrogable y la única circunstancia que permite la extensión de ese tiempo es las demoras atribuibles a las secretarías de los tribunales. Bernier González v. Rodríguez Becerra, *supra*, págs. 649-650. Indistinto de la razón para la demora en la expedición de los emplazamientos por parte de la Secretaria del TPI, lo cierto es que Humacar

estaba obligado a procurar oportunamente la presentación de los formularios de emplazamientos.

Por tanto, la casuística reseñada nos lleva a concluir que, en este caso, el punto de partida para contabilizar el plazo de ciento veinte (120) días comenzó el 3 de julio de 2025, cuando se presentó la "**Demanda contra Terceros**" y no cuando el Recurrido presentó los formularios de emplazamientos. Esto porque la tardanza en presentar los mismos se debió a la propia conducta de Humacar al no ser diligente con la tramitación de su causa de acción en contra de los terceros demandados.

En cuanto al planteamiento de Humacar de que la Lcda. Yamara Torres Meléndez compareció en representación de los "demandados" se debe entender de que compareció en representación de los terceros demandados y, por tanto, los sometió a la jurisdicción del TPI, colegimos que el mismo es improcedente en derecho. Esto, pues, a poco que se examine el expediente del caso ante el foro recurrido, surge que dicha comparecencia fue con el objetivo de presentar alegación responsiva exclusivamente en torno a la "**Reconvención**" y no en cuanto a la "**Demanda contra Terceros**". No nos convence la postura del Recurrido de que por el mero hecho de que en la comparecencia de la "**Réplica a la Reconvención**" se alude a los "demandados", se entienda que son los terceros demandados, toda vez que al examinar el contenido de dicho documento claramente se desprende que la comparecencia es en representación del "demandante reconvenido" y no de los terceros demandados.

Finalmente, sostenemos que el Peticionario sí tiene un interés afectado por la tramitación de la "**Demanda contra Terceros**", pues en la misma se efectúan alegaciones relativas a actuaciones fraudulentas entre él y su esposa, a quien Humacar acumuló como tercera demandada.

Consecuentemente, procedía la desestimación automática de la "**Demanda contra Terceros**", sin perjuicio, por ser el primer incumplimiento de la parte recurrida con el término de 120 días establecido

para diligenciar los emplazamientos, de conformidad con la Regla 4.3 (c) de Procedimiento Civil, *supra*.

Resolver de otra forma dejaría en manos de un demandante escoger la fecha de tramitación de los emplazamientos y, por ende, la fecha de su expedición. Sánchez Rodríguez v. Adm. de Corrección, *supra*, pág. 723. Ello equivaldría a extender el periodo de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, expedimos el auto de *certiorari* y *revocamos* la *Orden* recurrida. En consecuencia, se *desestima*, sin perjuicio, la "**Demanda contra Terceros**" presentada por Humacar.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones